MARYLAND LAND AND TRANSPORTATION CORPORATION, NAME CHANGED FROM MARYLAND SECURITIES CORPORATION, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 93477. Promulgated December 7, 1939.

*Frederick A. Schutte, Esq.*, for the petitioner.
*Harold D. Thomas, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $7,-876.81 in petitioner's surtax for 1934. In the computation of undistributed adjusted net income under section 351 of the Revenue Act of 1934, dividends declared December 29, 1934, to stockholders of record December 31, 1934, payable January 2, 1935, were denied subtraction under subdivision (b) (2) (C). The books were kept on an accrual basis. In fact the dividend was not paid until 1935, and the principal shareholders included the amounts in their individual gross incomes for 1935.

The taxpayer contends that since the dividend accrued in 1934 it is to be regarded as a "dividend paid during the taxable year." It urges that subdivision (b) (4) of section 351 [1] gives the term "dividends paid" the meaning of "dividends accrued." This, it says, is by virtue of section 48 (c) :

PAID, INCURRED, ACCRUED.—The terms "paid or incurred" and "paid or accrued" shall be construed according to the method of accounting upon the basis of which the net income is computed under this Part.

Thus the single term "paid" would be given the meaning not of the same term used in Title I but of the composite term "paid or accrued" found in section 48 (c). Literally Title I does not contain a prescribed meaning for the word "paid" and unless there is a substantial necessity for treating it as identical with the term "paid or accrued" they should not be confused.

The taxpayer's view is so palpably in contravention of the clear intendment of section 351 that it can not be adopted. As shown by the structure of Title I A of the Revenue Act of 1934 and by the purpose disclosed in the legislative reports preceding its enactment, the intendment of the surtax on "personal holding companies" was to stop the prevailing practice by corporations of withholding from shareholders the distribution of corporate earnings and thus preventing the assessment of shareholder tax which would enlarge the Government revenue. The existing instrument of section 104 for taxing undistributed earnings was found inadequate principally because it was conditioned upon a tax prevention purpose. Report No. 704, Committee on Ways and Means, 73d Congress, 2d sess., p. 11. It was to strengthen the means of taxing the earnings, if they were not distributed, at rates above the normal corporation rates that the surtax on personal holding companies was enacted. See the opinion of Judge Clark in *Sanford Corporation* v. *Commissioner*, 106 Fed. (2d) 882.

---

[1] (4) The terms used in this section shall have the same meaning as when used in Title I.

Plainly, the petitioner's interpretation would frustrate the very purpose which the statute was intended to accomplish. It is true that to one on an accrual basis the existence of a legal obligation and its entry on the accounts as accrued may operate to reduce his annual net income; but this general accounting concept may not defeat the plain purpose of the statute in a new scheme of taxation. In common parlance the word "paid" does not necessarily import an unpaid accrual. That under some circumstances it has been held to do so, as in *United States* v. *Anderson*, 269 U. S. 422, is explained by a necessity to promote the harmonious construction and administration of the general income tax law. That case dealt with the Revenue Act of 1916, and held that the Treasury regulation which permitted a taxpayer using an accrual system to deduct taxes in the year of accrual was effective to prevent the taxpayer from postponing such deductions from the year of accrual to the following year of payment. In the realm of the general income tax, items of gross income and of deductions are factors in the computation of corporate net income, and the doctrine of that decision has continued to be applied in the administration of succeeding income tax acts.

The present controversy, however, relates not to the general income tax but to a new special surtax upon a specially defined "undistributed adjusted net income." The definition is designed to serve the purpose of the new tax. Subdivision (b) (2) (B) uses the word "incurred"; subdivision (b) (2) (C) uses the word "paid"; and subdivision (b) (3) (A) uses the term "paid or accrued." Apparently petitioner would treat all three of these terms as indifferently used to mean the same thing, although manifestly this was not intended. Subdivision (b) (2) (B) relates not to amounts actually paid to retire indebtedness but only to amounts retained by the corporation to retire accrued indebtedness. Subdivision (b) (2) (C), on the other hand, reduces the adjusted net income by amounts which during the taxable year have been actually distributed to the shareholders and thus serve to enlarge their taxable income. Subdivision (b) (3) (A) uses the term "paid or accrued", which is literally a term borrowed from section 48 (c), and requires the same construction which it would have in that section under similar circumstances. This use of different terms in the several nearby subdivisions of this section indicates legislative care to prevent like construction; and more particularly the use of the composite term "paid or accrued", which is the very term of section 48 (c), would indicate that it was deliberately omitted from subdivision (b) (2) (C).

It should be borne in mind that in no place in the computation of ordinary net income for the purposes of the corporation income tax has the taxpayer been given a deduction for dividends. No ques-

tion has arisen as to whether, from the standpoint of the corporation, a declared dividend may be regarded as paid. It is reasonable, therefore, when the question arises now in the setting of a new and specially conceived subject of tax, that the term "dividends paid" shall be construed to promote the purpose of the statutory scheme of which it is a part.

The petitioner's proposed construction would apply equally to the same term used in section 102 (c); and, with equal effectiveness, it would operate there to defeat the purpose of the statute. If the penalty tax upon accumulated surplus could be avoided by a simple declaration of a dividend, payment of which was to be deferred until a future year, a facile means would be available for avoiding the imposition of tax upon the shareholders and at the same time relieving the corporation of any charge of failure to distribute.

The respondent's determination is sustained.

*Decision will be entered for the respondent.*